Johnson, J.
The fact that the plaintiff had assigned the judgement in this case to Abner Johnston, before the money due on it was collected, is distinctly conceded; and as between him and Wm. E. Johnston, I am very decidedly of opinion that the former was entitled to it. The claim of Wm. E. Johnston is founded on a judgement obtained by him against the defendant, and the right of the sheriff to retain in his hands money which he has collected on execution for a defendant against whom an execution is in his office, is not denied as a general rule ; but Wm. E. Johnston had procured the plaintiff to be arrested and committed on a ca. sa. for the very debt for which he now claims the right to recover the money collected by the sheriff on this execution. That, according to Schroter v. Crawford, 1 Hill, 422, is inadmissible. His arrest on the ca. sa. is, prima facie, a satisfaction of the debt, and he would not be entitled to it, although there had been no assignment to Abner Johnston.
The position taken by the counsel opposed to the motion, cannot be sustained. The cases relied on are the cases of Richbourg v. West, 1 Hill, 309, and Mazyck & Bell v. Coil, reported in a note to that case. In the first, the plaintiff had issued both a ca. sa. and fi. fa. against the defendant, but procured him to be arrested on the ca. sa., and the defendant having escaped, it was held that the lien of his fi. fa. revived. In the last case, the defendant died whilst in confinement under a ca. sa., and it was held that a fi. fa. issued at the same time with the ca. sa. retained its lien on the defendant’s estate. But here the ca. sa. had its full operation, and that, according to the case of Aikin v. Moore, 1 Hill, 432, was a satisfaction of the judgement, except as relates to the property assigned or subsequently acquired.
In the application of the plaintiff for the benefit of the Prison Bounds Act, Wm. E. Johnston had an opportunity of investigating the fact, whether the plaintiff had or had not as *504 s*gned fbis judgement to Abner Johnston, and on general principles the judgement in that case is conclusive against him. That case has been un¿ler the review of the Court, and the fact that fraud in the assignment of the judgement, was one of t]le objections raised against the plaintiff’s discharge, and decided against Wm. E. Johnston, furnishes, perhaps, the best commentary on the reasonableness of the rule, and the propriety of its application here.
It is not the usage of the Court to determine questions of fact upon a mere rule, but to direct an issue to try them, or leave the party complaining to the remedy of an action at law. But I do not understand that the fact of the assignment to Abner Johnston was controverted, and the only ground on which the Circuit Court refused to entertain the ride, appears to have been that fraud was allodged in the assignment; but that question is put at rest by the opinion of the Court in the case of Wm. E. Johnston v. John Johnston, reversing the decision of the Circuit Court, and authorising the discharge of the defendant, and which has been before referred to. The facts, therefore, must be regarded as concluded, and the whole case turns on a question of law, which may be properly and conveniently disposed of on a rule.
The motion is therefore granted, and it is ordered that the sheriff do pay over the money collected in this case, to Abner Johnston, within ten days after notice of this order, and in default thereof the rule be made absolute, and that an attachment do issue against him.
O’Neall and Harper, Js. concurred.